# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lori Roth

## DEFENDANTS
Air Products and Chemicals

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Lehigh County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David L. Deratzian, Hahalis & Kounoupis, PC
20 East Broad Street, Bethlehem PA 18018
610-865-2608

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12001, et seq.

Brief description of cause:
Termination because of disability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/16/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6133 Woodledge Drive, Orefield, PA  18069

Address of Defendant: 7201 Hamilton Blvd., Allentown, PA  18195

Place of Accident, Incident or Transaction: 7201 Hamilton Blvd., Allentown, PA  18195
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, David L. Deratzian, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/16/2014  _____  49841
Attorney-at-Law  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 6/16/2014  _____  49841
Attorney-at-Law  Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORI ROTH,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No.** |
| **vs.** | : | |
| | : | |
| **AIR PRODUCTS AND CHEMICALS, INC.** | : | |
| **Defendants** | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Lori Roth (hereinafter "Roth " or "Plaintiff").  Plaintiff was an employee of the Air Products and Chemicals, Inc. (hereinafter "Air Products " or "Defendant)", who has been harmed by the disability-based harassment, discrimination and retaliatory practices as well as other improper conduct by Defendants.

This action is brought under the Americans with Disabilities Act ("the ADA") as amended, and Pennsylvania common law.

### II. JURISDICTION AND VENUE

1. The original jurisdiction of this Court is invoked, and venue is in this District, pursuant to Title 28 U.S.C. §§1331, 1391, and the claim is substantively based on the  Americans with Disabilities Act, 42 U.S.C. § 12001, *et seq*.

2. The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa. C. S. A. §951 *et seq*., and under Pennsylvania common law.

1

3. All conditions precedent to the institution of this suit have been fulfilled.  As to the ADA claims, Plaintiff has invoked the procedure set forth in the ADA and has received a Notice of Right to Sue as required by that statute.  On November 15, 2011, Plaintiff filed a Charge of Discrimination with the EEOC, which was cross-filed with the Pennsylvania Human Relations Commission against Air Products and Chemicals, Inc. alleging, *inter alia* disability based employment discrimination and retaliation.  On April 23, 2014, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.

4. This action has been filed within ninety (90) days of receipt of said Notice.

5. More than one year has elapsed since the filing with the PHRC.

### III.  PARTIES

6. Plaintiff, Lori Roth , is an adult female citizen and resident of the Commonwealth of Pennsylvania, residing in Orefield, Pennsylvania.  Plaintiff, at all times pertinent hereto, was employed by Defendant, Air Products , as a Senior Solutions Analyst.

7. Defendant Air Products and Chemicals, Inc., is a domestic corporation, with a principal place of business in Allentown, Pennsylvania. Air Products operates the facility at which Plaintiff was employed.

8. At all times relevant herein, Plaintiff was an "employee" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(4), and is subject to the provisions of said Act.

9.  At all times relevant herein, Plaintiff was "disabled" as defined by the Americans

with Disabilities Act, 42 U.S.C. §12102 (2), and is subject to the provisions of said Act.

10. At all times relevant herein, Plaintiff was a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

11. At all times relevant herein, Air Products was an "employer" and "person" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(5)-(7) and is subject to the provisions of said Act.

12. At all times relevant hereto, Defendants acted by and/or failed to act by and through the conduct of their officers, managers, agents and employees, all acting within the scope and course of their employment.

13. At all relevant times herein, Defendants knew, or had reason to know, of the actions and inaction alleged herein and/or have personally participated in some of said actions and are ultimately responsible for same.

## IV. CAUSES OF ACTION

14. At all time material hereto, Plaintiff exhibited exemplary work habits and performance and had at all times fulfilled all of the duties and obligations commensurate with that employment.

15. At all times material hereto, Plaintiff was a qualified individual with a disability, in that she had a record of alcoholism, a permanent and/or chronic condition.

16. At all times material hereto, Plaintiff had the status of a "recovering alcoholic," in that she was not using alcohol or other intoxicating substances.

17. In addition, as set forth below, Plaintiff was "disabled" as that term is defined by the ADA in that Defendant wrongly regarded her being addicted to alcohol or other intoxicating substances, and wrongly regarded as actively using such substances.

18. On or about October 10, 2010, Plaintiff requested and was granted leave for the purpose of entering a voluntary alcohol rehabilitation program in December 2010.

19. On or about December 14, 2010, pursuant to Defendant's Drug and Alcohol testing program, Plaintiff was required to submit a sample for testing, which she refused.

20. Under the terms of this Agreement, Plaintiff was subject to immediate termination for a subsequent positive test.

21. Plaintiff entered the rehabilitation program on December 17, 2010, and has not ingested any alcoholic beverage since that date.

22. Pursuant to Defendant's program, Plaintiff was placed on a "Controlled Substance and Alcohol Misuse Program Test Positive Agreement," which she was required to sign while undergoing rehabilitation on December 22, 2010.

23. On May 26, 2011, Plaintiff was in a meeting with other Air Products employees for most of the morning and all afternoon.

24. At or about 4:30 p.m., Plaintiff was ordered to submit to a "random alcohol test."

25. Plaintiff believes that although the test was referred to as "random," it was in fact targeted at her.

26. Because Plaintiff had been in this meeting for virtually the entire work day, she did not and could not have ingested any alcohol, a fact known to her supervisors and management at Air Products.

27. Nonetheless, Plaintiff submitted to testing.

28. When she presented for testing at an outside test facility, the technician opined that Plaintiff was not intoxicated, and stated "Why are you here – you are not drunk," further indicating that this was not a "random" test.

29. At the time of the test, Plaintiff was using a cough drop, and the technician took a breath test while Plaintiff had the cough drop in her mouth.

30. Knowing that this invalidated the test, the technician took another sample, and noted the use of the cough drop on the results form.

31. This note was for the purpose of communicating to Air Products that the test had indicia of invalidity.

32. Air Products employs individuals with specific health expertise for the purpose of receiving these reports, and who knew or should have known of the well-documented effects of cough drops on breath alcohol testing.

33. Nonetheless, on the basis of the invalid results reported by its agent, Defendant formed an erroneous belief that Plaintiff has actively using alcohol, and terminated her employment on May 31, 2011.

34. The termination of Plaintiff's employment under these circumstances constitutes a violation of the ADA, and one committed in reckless disregard of the federally protected right enjoyed by Plaintiff under the ADA, namely a failure to

accommodate a disability and/or discrimination on the basis of disability.

35. Defendant Employer was responsible and liable for the conduct of its principals, employees and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

36. As a direct result of the violation of the ADA by Defendant's supervisory employees, Plaintiff was deprived of her employment with Defendant.

37. As a direct result of Defendants' conduct, Plaintiff has been irrevocably damaged.

38. As a direct result of Defendants' conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological and physical distress.

39. As a direct result of Defendants' conduct, Plaintiff's career, professional and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

**COUNT I**
**PLAINTIFF vs. AIR PRODUCTS**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

40. Paragraphs 1 through 39 inclusive, are incorporated by reference as if fully set forth at length herein.

41. At all times relevant herein, Plaintiff was a qualified person with a disability in that :

    a. She has an actual serious medical condition, and a record of a serious medical condition, that significantly limited her in one or more major life activities, which condition persisted throughout her employment with Defendant until the date of her termination, and

6

      which persists to this date;

    b. Was wrongly regarded as to the nature and extent of the disability as set forth above.

42. Plaintiff was able to perform all of the essential functions of her position without accommodation.

43. By reason of the conduct set forth above, Defendant intentionally, knowingly and purposefully violated the Americans with Disabilities Act by invidiously discriminating against the qualified Plaintiff.

44. As a direct result of Plaintiff's disability and record of disability, and Defendant's erroneous perception of her disability, Defendant terminated Plaintiff's employment.

**COUNT II**
**PLAINTIFF vs. AIR PRODUCTS**
**<u>VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT</u>**

45. Paragraphs 1 through 44 inclusive, are incorporated by reference as if fully set forth at length herein.

46. Air Products, by and through the acts of their management personnel and/or principals, including but not limited to the Individual Defendants, discriminated against Plaintiff because of her disabling condition and/or a history of a disability and/or their erroneous perception of her disability, and Defendant has condoned and ratified the wrongful conduct of its supervisors and acts of retaliation against the Plaintiff.

47. As a result of the acts of the Defendant, the Plaintiff has been deprived of the

    ability to work for Defendant.

48. The actions of the Individual Defendants as set forth above were in furtherance of, advanced a common purpose with, and aided and abetted the discriminatory conduct of Defendant.

## V. **PRAYER FOR RELIEF**

49. Plaintiff repeats the allegations of paragraphs 1 through 48 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendant and requests that this Court:

a. Exercise jurisdiction over her claims;

b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, and time loss;

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d. Order Defendants to compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

e. Order Defendants to compensate Plaintiff with an award of front pay, if appropriate;

f. Order Defendants to compensate Plaintiff for the wages and other benefits and

    emoluments of employment lost, because of their unlawful conduct;

g.  Order Defendants to pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

h.  Order Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i.  Award such other relief as is deemed just and proper.

**JURY DEMAND**

    Plaintiff demands trial by jury on all issues so triable.

                              HAHALIS and KOUNOUPIS, P.C.

                              By: /s/ _____
                                    DAVID L. DERATZIAN, ESQUIRE
                                    20 East Broad Street
                                    Bethlehem, PA  18018
                                    (610) 865-2608

Date: June 16, 2014